IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS AV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| RESEARCH IN MOTION CORP.; | ) | JURY TRIAL DEMANDED |
| RESEARCH IN MOTION, LTD; | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pragmatus AV, LLC ("Pragmatus"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, alleges as follows against Defendants Research In Motion, Ltd, Research In Motion Corp.:

## INTRODUCTION

1.)  This action is brought by Pragmatus against Research In Motion, Ltd and Research In Motion Corp. (jointly, "RIM" or "the Defendants") for Defendants' infringement of Pragmatus' patents. In particular, Pragmatus seeks remedies for Defendant's infringement of U.S. Patent Nos. 6,237,025 ("the 025 Patent"), 6,351,762 ("the 762 Patent"), 7,185,054 ("the 054 Patent"), and 5,854,893 ("the 893 Patent"), (collectively, "the patents-in-suit").

2.)  Each of the patents-in-suit is directed towards collaboration and video conferencing technology, including contact lists, video calling, video chat, audio chat, text-based chat and other types of real-time communications.

3.) Each of the patents-in-suit is critical to collaboration, video conferencing, and real-time communication and each of the patents-in-suit has previously been licensed to major collaboration, video conference, and real-time communication providers.

4.) For example, Polycom was granted a license to the patents-in-suit for a Twenty Seven Million Five Hundred Thousand Dollars ($27,500,000.00) payment and a broad cross license agreement as described in the Avistar 10K report attached hereto as Exhibit A.

5.) Further, Tandberg was granted a license to the patents-in-suit for a Twelve Million Dollar ($12,000,000.00) payment and a broad cross license agreement as described in the Avistar 10K report attached hereto as Exhibit A.

6.) Each of the patents-in-suit has been subject to an extensive reexamination request in the United States Patent and Trademark Office.

7.) The '025, '762, and '054 Patent reexamination requests were denied by the United States Patent and Trademark Office.

8.) The '893 Patent reexamination request was accepted resulting in claims 1-22 being allowed.

9.) The patents-in-suit will also be the subject of a complaint in the International Trade Commission against the Defendants. A courtesy draft copy of that complaint is attached as Exhibit F

## PARTIES

10.) Plaintiff Pragmatus is incorporated under the law of the Commonwealth of Virginia and has its principal place of business at 601 King Street, Alexandria, VA 22314.

11.) On information and belief, Defendant Research in Motion Ltd. is a foreign company organized and existing under the laws of Canada, with its principal place of business at

295 Phillip Street, Waterloo, Ontario, Canada, N2L 3WB. Research in Motion Ltd. is engaged

in the manufacture and sale of consumer electronics, including mobile phones and tablets.

Research in Motion Ltd. identifies the United States as a major market, where 39.3% of their

revenue was generated in 2010. Additionally, in 2008, Research in Motion Ltd. opened their

United States headquarters, Research in Motion Corp., located in Irving, Texas.

12.) On information and belief, Defendant Research In Motion Corp. is a wholly-

owned subsidiary of Defendant Research In Motion Ltd. Research In Motion Corp. is a

corporation organized and existing under the laws of the state of Delaware that has a principle

place of business at 122 W. John Carpenter Parkway, Suite 430, Irving, Texas 75039. Research

In Motion Corp. may be served with process by serving its registered agent, The Corporation

Trust Company, 1209 Orange Street, Wilmington DE, 19801. As the United States headquarters

for RIM, Research in Motion Corp. is engaged in research and development, technical support,

and business operations. On information and belief, Defendant Research In Motion Corp.'s

business operations include marketing and distributing consumer electronics, including mobile

phones and tablets. Research In Motion Ltd. and Research In Motion Corp. are referred to

collectively as "RIM" or "Research in Motion."

13.) Pragmatus is informed and believes that RIM offers mobile phones and tablets to

customers in this judicial district (e.g., the RIM Torch 9850, the Playbook Tablet, among others

hereinafter the "mobile phone and tablet products").

14.) Pragmatus is informed and believes that RIM designed, made or had made on its

behalf, and placed infringing products and/or services into the stream of commerce with the

reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users

for such products and/or services were located within this judicial district. Pragmatus is informed

and believes that RIM sold, advertised, solicited customers, marketed and distributed its

infringing products and/or services in this judicial district.

## JURSIDICTION

15.)    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et

seq.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

## VENUE

16.)    Venue is proper under 28 U.S.C. §§ 1391 and 1400 because the Defendants have

committed acts of infringement in this district and/or is deemed to reside and are incorporated in

this district and have purposely availed themselves of the privileges and benefits of the laws of

the State of Delaware.

17.)    This court has personal jurisdiction over the Defendants because, among other

things, the Defendants have committed, aided, abetted, contributed, to and/or participated in the

commission of acts giving rise to this action within this judicial district and has established

minimum contacts within the forum such that the exercise of jurisdiction over the Defendants

would not offend traditional notions of fair play and justice. The Defendants designed, made or

had made on its behalf, and placed infringing products and/or services into the stream of

commerce with the reasonable expectation and/or knowledge that actual or potential ultimate

purchasers and users for such products and/or services were located within this judicial district.

The Defendants sold, advertised, solicited customers, marketed and distributed its infringing

products and/or services in this judicial district.

## THE PATENTS-IN-SUIT

18.)    Paragraphs 1-17 are reincorporated by reference as if fully set forth herein.

19.) On May 22, 2001, the '025 Patent, titled "Multimedia Collaboration System" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '025 Patent is attached hereto as Exhibit B.

20.) Pragmatus holds all right, title and interest in and to the '025 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

21.) On February 26, 2002 the '762 Patent, titled "Method and System for Log-In-Based Video and Multimedia Calls" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '762 Patent is attached hereto as Exhibit C.

22.) Pragmatus holds all right, title and interest in and to the '762 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

23.) On February 27, 2007 the '054 Patent, titled "Participant Display and Selection in Video Conference Calls" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '054 Patent is attached hereto as Exhibit D.

24.) Pragmatus holds all right, title and interest in and to the '054 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

25.) On December 29, 1998 the '893 Patent, titled "System for Teleconferencing in which Collaboration Types and Participants by Name or Icons are Selected by a Participant of the Teleconference" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '893 Patent is attached hereto as Exhibit E.

26.) Pragmatus holds all right, title and interest in and to the '893 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

## COUNT I
### (Infringement of United States Patent No. 6,237,025)

27.) Paragraphs 1-26 are incorporated by reference as if fully restated herein.

28.)    RIM has and continues to infringe directly one or more claims of the '025 Patent

by making, using, offering for sale, selling and/or practicing the inventions covered by at least

claim 33 of the '025 Patent, including at least by providing mobile phone and tablet products.

29.)    RIM has and continues to infringe indirectly one or more claims of the '025

Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 33 of the '025 Patent, including at least users of RIM mobile phone and tablet products.

RIM has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus,

dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC

investigation for the patents-in-suit, claim charts detailing RIM's infringement of the patents-in-

suit, and copies of the patents in suit. RIM's infringement is continuing. See, e.g.,

http://us.blackberry.com/

30.)    RIM actively, knowingly, and intentionally induced, and continues to actively,

knowingly, and intentionally induce, infringement of the '025 Patent by making, using, offering

for sale, importing, and selling the mobile phone and tablet products, as well as by contracting

with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all

with knowledge of the '025 Patent and its claims; with knowledge that its customers and end

users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and

with the knowledge and the specific intent to encourage and facilitate those infringing sales and

uses of the mobile phone and tablet products through the creation and dissemination of

promotional and marketing materials, instructional materials, product manuals, and technical

materials.

31.)    RIM has also contributed to the infringement by others, including the end users of

the mobile phone and tablet products, and continues to contribute to infringement by others, by

selling, offering to sell, and importing the mobile phone and tablet products into the United

States, knowing that those products constitute a material part of the inventions of the '025 Patent,

knowing those products to be especially made or adapted to infringe the '025 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

32.)    As a result of RIM's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II
### (Infringement of United States Patent No. 6,351,762)

33.)    Paragraphs 1-26 are incorporated by reference as if fully restated herein.

34.)    RIM has and continues to infringe directly one or more claims of the '762 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 11 of the '762 Patent, including at least by providing mobile phone and tablet products.

35.)    RIM has and continues to infringe indirectly one or more claims of the '762 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 11 of the '762 Patent, including at least users of RIM mobile phone and tablets.  RIM has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing RIM's infringement of the patents-in-suit, and copies of the patents in suit. RIM's infringement is continuing. See, e.g., http://us.blackberry.com/

36.)    RIM actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '762 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '762 Patent and its claims; with knowledge that its customers and end

users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

37.) RIM has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '762 Patent, knowing those products to be especially made or adapted to infringe the '762 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

38.) As a result of RIM's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

<u>**COUNT III**</u>
**(Infringement of United States Patent No. 7,185,054)**

39.) Paragraphs 1-26 are incorporated by reference as if fully restated herein.

40.) RIM has and continues to infringe directly one or more claims of the '054 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 10 of the '054 Patent, including at least by providing mobile phone and tablet products.

41.) RIM has and continues to infringe indirectly one or more claims of the '054 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 10 of the '054 Patent, including at least users of RIM mobile phone and tablets. RIM has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated

February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation

for the patents-in-suit, claim charts detailing RIM's infringement of the patents-in-suit, and

copies of the patents in suit. RIM's infringement is continuing. See, e.g., http://us.blackberry.com/

42.)    RIM actively, knowingly, and intentionally induced, and continues to actively,

knowingly, and intentionally induce, infringement of the '054 Patent by making, using, offering

for sale, importing, and selling the mobile phone and tablet products, as well as by contracting

with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all

with knowledge of the '054 Patent and its claims; with knowledge that its customers and end

users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and

with the knowledge and the specific intent to encourage and facilitate those infringing sales and

uses of the mobile phone and tablet products through the creation and dissemination of

promotional and marketing materials, instructional materials, product manuals, and technical

materials.

43.)    RIM has also contributed to the infringement by others, including the end users of

the mobile phone and tablet products, and continues to contribute to infringement by others, by

selling, offering to sell, and importing the mobile phone and tablet products into the United

States, knowing that those products constitute a material part of the inventions of the '054 Patent,

knowing those products to be especially made or adapted to infringe the '054 Patent, and

knowing that those products are not staple articles or commodities of commerce suitable for

substantial non-infringing use.


44.)    As a result of RIM's acts of infringement, Pragmatus has suffered and will

continue to suffer damages in an amount to be proved at trial.

## COUNT IV
### (Infringement of United States Patent No. 5,854,893)

45.)    Paragaphs 1-26 are incorporated by reference as if fully restated herein.

46.)     RIM has and continues to infringe directly one or more claims of the '893 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 13 of the '893 Patent, including at least by providing mobile phone and tablet products.

47.)     RIM has and continues to infringe indirectly one or more claims of the '893 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 13 of the '893 Patent, including at least users of RIM mobile phone and tablets.  RIM has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing RIM's infringement of the patents-in-suit, and copies of the patents in suit. RIM's infringement is continuing. See, e.g., http://us.blackberry.com/

48.)     RIM actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '893 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '893 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

49.)     RIM has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '893 Patent, knowing those products to be especially made or adapted to infringe the '893 Patent, and

knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

50.)    As a result of RIM's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

### DEMAND FOR JURY TRIAL

Pragmatus hereby demands trial by jury on all claims and issues so triable pursuant to Fed. R. Civ. Pro. 38(b).

### PRAYER FOR RELIEF

WHEREFORE, Pragmatus respectfully requests that this Court enter judgment against RIM as follows:

a.    for judgment that Defendants have infringed one or more claims of United States Patent Nos. 6,237,025, 6,351,762, 7,185,054, and 5,854,893;

b.    that United States Patent Nos. 6,237,025, 6,351,762, 7,185,054, and 5,854,893 are valid and enforceable;

c.    for damages to be paid by the Defendants adequate to compensate Pragmatus for their past infringement and any continuing or future infringement up until the date such judgment is entered, including pre and post judgment interest, costs and disbursements as justified under 35 U.S.C. § 284;

d.    that this is an exceptional case and awarding Pragmatus its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

e.    for such further relief at law or equity as the Court deems just and proper.

Dated:  February 17, 2012                FARNAN LLP


                                         By: /s/ Brian E. Farnan
                                             Brian E. Farnan (Bar No. 4089)
                                             919 North Market Street, 12th Floor
                                             Wilmington, Delaware 19801
                                             (302) 777-0300
                                             (302) 777-0301 (Fax)
                                             bfarnan@farnanlaw.com


                                             Attorneys for Plaintiff
                                             PRAGMATUS AV, LLC

Of Counsel:

Anthony Grillo
MARINO AND GRILLO
Radnor Financial Center
150 North Radnor Chester Road
Suite F-200
Radnor, PA 19087
Phone 610.977.2414
Fax 610.549.2385